**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|                                                                                          |                    |
| ---------------------------------------------------------------------------------------- | ------------------ |
| TOMASZ POTKAJ,                                                                            |                    |
|     Plaintiff,                                                        |                    |
|       v.                                                    | No. 22-cv-7176     |
| JOHN PRINZI, in his official capacity as Director of Court Services for Will County, and MICHAEL KULOVITZ, in his individual capacity, |  |
|     Defendants.                                                       |                    |

**CLASS ACTION COMPLAINT FOR**
**INJUNCTIVE AND DECLARATORY RELIEF**

Plaintiff Tomasz Potkaj, individually and on behalf of all others similarly situated, complains against Defendants John Prinzi, in his official capacity as Director of Court Services for Will County, and Will County Adult Probation Officer Michael Kulovitz as follows:

**NATURE OF THE CASE**

1. This case challenges the constitutionality of 730 ILCS 5/5-6-3 (a)(8.6) (hereinafter the "One-Per-Address Statute"), a section of the Illinois Code of Corrections that prohibits individuals on probation who have been convicted of sex offenses from living "at the same address or in the same condominium unit or apartment unit or in the same condominium complex or apartment complex with another person he or she knows or reasonably should know is a convicted sex offender or has been placed on supervision for a sex offense."

2. In the case *Barnes v. Jeffreys*, 20-cv-2137, this Court found unconstitutional a statute that is identical to the one at issue here except that it applies to persons on parole or Mandatory Supervised Release ("MSR") rather than probation. In *Barnes*, the Court struck down 730 ILCS 5/3-3-7(a)(7.6), a section of the Illinois Code of Corrections that provides that persons on parole or MSR who have been convicted of sex offenses must "refrain from residing at the same address or in the same condominium unit or apartment unit or in the same condominium complex or apartment complex with another person he or she knows or reasonably should know is a convicted sex offender or has been placed on supervision for a sex offense." In *Barnes*, this Court found that 730 ILCS 5/3-3-7(a)(7.6) violates the Equal Protection Clause and the Eighth Amendment because it operates to keep persons of limited means incarcerated beyond the time they were sentenced to serve by placing affordable housing off limits to them. *Barnes v. Jeffreys*, 20-cv-2137, ECF 95 (Judge Kendall). This Court entered a permanent injunction prohibiting enforcement of the statute on August 25, 2022. *Barnes v. Jeffreys*, 20-cv-2137, at ECF 211.

3. Plaintiff Tomasz Potkaj is on probation and is subject to the One-Per-Address Statute. In the absence of injunctive relief prohibiting enforcement of the Statute, he will be forced to choose between homelessness and imprisonment. His current residence is not a lawful place for him to remain because it violates an Illinois law that prohibits him from residing within 500 feet of a playground. If he remains, he faces the prospect of felony criminal charges and reincarceration. He has been

unable to find an alternative place to live that complies with the statutory restrictions on where he can reside and the One-Per-Address Statute.

4. Mr. Potkaj seeks to reside in an apartment in Joliet that complies with all of the other statutory restrictions regulating where persons with sex offenses may reside. Defendants, supervising probation officials for Will County, will not approve the address solely because other registrants reside in different units in the same building in violation of the One-Per-Address Statute. Mr. Potkaj does not have anywhere else to live. He thus seeks injunctive relief prohibiting enforcement of the Statute against him so that he can continue his probation in the community and avoid homelessness and/or incarceration.

5. The One-Per-Address Statute is unconstitutional for four reasons:

    a. It violates the Eighth and Fourteenth Amendments for the same reasons identified by this Court in *Barnes*. It puts off limits affordable housing locations that are willing to accept persons with sex offense convictions and thereby leads to their unjust imprisonment;

    b. It violates the Equal Protection Clause because it treats similarly situated persons convicted of the same criminal conduct differently. Namely, individuals convicted of sex offenses who are sentenced to a term of imprisonment followed by a term of MSR may reside at the same address as other registrants. Meanwhile, individuals convicted of sex offenses sentenced to probation face the risk of imprisonment if they reside at the same address as another registrant;

    c. It violates the Fourteenth Amendment guarantee of substantive due process in two ways: (1) it does not serve any legitimate government interest; and (2) it is fundamentally irrational to subject individuals convicted of low-level, probationable offenses to greater restrictions on where they may reside than individuals convicted of more serious offenses; and

    d. It violates the Illinois Constitution's Proportionate Penalties Clause because it imposes harsher penalties on individuals convicted of

probationable sex offenses than it does on individuals convicted of more serious sex offenses for which a term of imprisonment is imposed.

## JURISDICTION AND VENUE

6.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 because this case arises under federal law and alleges violations of Plaintiff's rights under the United States Constitution. This court has supplemental jurisdiction over Plaintiff's claim under the Illinois Constitution pursuant to 28 U.S.C. §1367.

7.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as a substantial part of the events giving rise to the claims asserted herein occurred in this district.

## THE PARTIES

8.    Plaintiff Tomasz Potkaj is a 37-year-old resident of Chicago, Illinois. He pleaded guilty on September 16, 2022, to unlawful grooming in violation of 720 ILCS 5/11-25 and was sentenced to 18 months of probation. He is thus subject to the One-Per-Address Statute, 730 ILCS 5/5-6-3 (a) (8.6).

9.    Defendant John Prinzi is sued in his official capacity as Director of Court Services for Will County. As the Director of Court Services, Prinzi is the person in charge of Probation and Pretrial Services for Will County. He has final authority to set the Will County Probation Department's policies with regard to where probationers in Will County may reside. The Probation Department's power to determine where a probationer may reside and enforce probation rules is the sole mechanism through which the One-Per-Address Statute is enforced. That is, it is not a crime for an individual on probation to reside at the same address as another

individual on probation for a sex offense; it is simply a violation of probation rules for which the probationer can be sanctioned or revoked.[1] Plaintiff seeks injunctive and declaratory relief against Defendant Prinzi.

10.    Defendant Michael Kulovitz is the probation officer assigned to supervise Mr. Potkaj in Will County. Officer Kulovitz informed Plaintiff that he could not reside at the same address as another person who is required to register as a sex offender pursuant to the One-Per-Address Statute. Plaintiff seeks injunctive relief against Officer Kulovitz.

## RELEVANT FACTS

**Plaintiff Tomasz Potkaj**

11.    Tomasz Potkaj is currently serving 18 months of probation for unlawful grooming in violation of 720 ILCS 5/11-25. Because of his conviction, Mr. Potkaj is prohibited from residing within 500 feet of any school, playground, daycares, or facility that provides services exclusively directed towards minors pursuant to the Illinois Criminal Code, 720 ILCS 5/11-9.3 (b-5) and (b-10).

12.    Mr. Potkaj is currently residing with his parents in Chicago, Illinois. However, he must promptly move out because his parents' address does not comply with the residency restrictions set forth in 720 ILCS 5/11-9.3.

---

[1]    In contrast, the statutes prohibiting individuals classified as "child sex offenders" from living within 500 feet of schools, daycares and playgrounds (720 ILCS 5/11-9.3 (b-5) and (b-10)) are part of the criminal code. It is a Class 4 felony for a "child sex offender" to "knowingly" live at a location within 500 feet of a school, playground or daycare. 720 ILCS 5/11-9.3(f).

13.    On September 28, 2022, the judge in Mr. Potkaj's criminal case entered an order temporarily staying the requirement to register as a sex offender until such time as he can find housing that complies with restrictions imposed by state law. Mr. Potkaj is scheduled to appear in the Circuit Court of the Twelfth Judicial Circuit in Will County on December 21, 2022, to report on his status and housing.

14.    Mr. Potkaj has made extensive efforts to identify compliant housing since his plea. He has faced great difficulty finding an apartment that complies with the restrictions imposed by the criminal code and a landlord who is willing to rent to an individual on the sex offender registry.

15.    After many rejections, Mr. Potkaj finally identified a compliant address with a landlord that is willing to lease an apartment to him. In particular, Plaintiff seeks to reside at 1000 Cora St. in Joliet, Illinois. This is an apartment building operated by New Day Apartments, a property management company that focuses on providing safe, compliant housing for persons who are required to register as sex offenders.

16.    New Day Apartment is willing to rent an apartment to Mr. Potkaj and signed a lease with him on December 6, 2022.

17.    Mr. Potkaj asked Will County Adult Probation Officer Michael Kulovitz whether he could reside at 1000 Cora Street while on probation. Officer Kulovitz informed Mr. Potkaj that he cannot reside at that address because other individuals who are required to register as sex offenders live in other units in the same building and thus his residing there would violate the One-Per-Address Statute.

18.    Mr. Potkaj does not have anywhere else to live. If he cannot move to the 1000 Cora Street address, he faces the imminent prospect of homelessness or reimprisonment. Mr. Potkaj's only choices would be (1) violating the residency restrictions by remaining in his parents' home; (2) violating his probation rules by residing at New Day Apartments; or (3) sleeping in his car and registering as homeless.

19.    Plaintiff seeks an injunction prohibiting Defendants from continuing to enforce the Statute against him.

20.    Plaintiff seeks to represent a class of all probationers who are subject to the One-Per-Address Statute and cannot find housing that complies with the restriction.

**The *Barnes* Litigation**

21.    The plaintiffs in *Barnes v. Jeffreys*, 20-cv-2137, challenged the constitutionality of 730 ILCS 5/3-3-7(a)(7.6), a section of the Illinois Code of Corrections which requires individuals on MSR or parole for sex offenses to "refrain from residing at the same address ... with another person he or she knows or reasonably should know is a convicted sex offender."

22.    On July 1, 2020, this Court certified *Barnes* as a class action on behalf of "[a]ll individuals who have been convicted of sex offenses and completed their court-imposed sentence of incarceration who cannot find housing that complies with 730 ILCS 5/3-3-7(a)(7.6) at which to reside while on Mandatory Supervised Release." *Barnes v. Jeffreys*, 21-cv-2037, ECF 31.

23.     On March 26, 2021, this Court granted the *Barnes* plaintiffs' motion for summary judgement on their claim that 730 ILCS 5/3-3-7(a)(7.6) violates the Equal Protection Clause and the Eighth Amendment. The Court found that the statute put off limits "affordable housing units and residential rehabilitative programs willing and capable of accepting sex offenders" thereby leading to their unjust imprisonment. *Barnes v. Jeffreys*, 20-cv-2137, ECF 95 at 17.

24.     On August 25, 2022, this Court entered a permanent injunction prohibiting the Illinois Department of Corrections from continuing to enforce 730 ILCS 5/3-3-7(a)(7.6). *Barnes v. Jeffreys*, 20-cv-2137, at ECF 211.

**The Lack of Evidence Supporting the Challenged Statute**

25.     There is no evidence that permitting persons who have been convicted of sex offenses to live near one another contributes to criminality. At least one analysis found that it has the opposite effect: it reduces the incidence of re-offense and improves supervision. A Minnesota Department of Corrections report concluded as follows:

> This examination of level three re-offenders does not reveal a negative effect related to a level three offender living with another sex offender. In fact, supervision agents in both Hennepin and Ramsey County have noted benefits from having more than one level three offender living in one location. Closer supervision is possible because travel time between offenders is reduced. Also, level three offenders who live with other level three offenders experience more visits from a supervising agent because agents for both offenders visit the same property. Finally, offenders tend to inform on each other when supervision restrictions are violated or crimes are committed.[2]

---

[2]     *See* "Level Three Sex Offender Residential Placement Issues," *Minnesota Department of Corrections* (available at: https://mn.gov/doc/assets/Lvl%203%20SEX%20OFFENDERS%20report%202003%20(revised%202-04)_tcm1089-272828.pdf) (last visited April 3, 2020)

26. In the *Barnes* litigation, this Court noted that the findings of the Minnesota study were consistent with observations made of paroled registrants residing together in Illinois. *See Barnes v. Jeffreys*, 529 F. Supp. 3d 784, 789 (N.D. Ill. 2021) (noting that there was a "0 percent recidivism rate" among paroled registrants residing together at New Day Apartments' properties).

27. Because of injunctive relief entered in *Barnes*, hundreds of persons on MSR who have been convicted of sex offenses are currently residing at the same addresses as one another in locations including private homes, shared apartments, transitional housing programs, extended stay motels, and charitably operated housing.

28. There has not been an increase in sexual offending or recidivism as a result of registrants' residing at the same address as one another while on MSR.

**The Effect of the One-Per-Address Statute on Housing**

29. Persons who have been convicted of sex offenses face disproportionate levels of homelessness and housing instability. According to data available from the Illinois Sex Offender Registry, 1,333 persons on the Illinois sex offender registry are homeless as of December 12, 2022.

30. Housing for persons who are required to register as sex offenders is scarce for a variety of reasons. First, Illinois statutes prohibit persons with sex offense convictions from residing within 500 feet of schools, playgrounds, daycares and other places that cater to children. These restrictions strictly circumscribe the areas

where individuals convicted of sex offenses may live, particularly in dense, urban areas where most residential housing is located within the 500-foot exclusion zones.

31.    Moreover, many landlords are unwilling to rent to registrants and/or persons who are under the supervision of the criminal justice system. There is no federal or state law that prohibits rental discrimination against this population—indeed, several laws explicitly allow, or even require, exclusion of persons required to register as sex offenders from housing. *See, e.g.,* Cook County Human Rights Ordinance, Ch. 42, Art. II, §42-38(c)(5) (explicitly permitting landlords to "deny[] the admission to or continuing occupancy of residential real property on the basis of a current sex offender registration requirement pursuant to the Sex Offender Registration Act."); 24 CFR §982.553(a)(2) and §960.204(a)(4) (Department of Housing and Urban Development regulations banning persons subject to lifetime registration requirements from admission to public housing).

32.    The One-Per-Address Statute compounds the problem of housing scarcity severely. If a probationer is fortunate enough to find a landlord who is willing to rent to a person on the sex offender registry and who has a rental unit available in a location that complies with the 500-foot residency restrictions, the registrant may not reside there if there is already another registrant in the same building, even if it is a large apartment complex with dozens of units.

33.    As a result, the One-Per-Address Statute puts off limits many charitably operated rehabilitative programs that are willing and able to provide supportive services to persons required to register as sex offenders. For example, Wayside

Cross Ministries is a Bible-based residential program that has operated in Aurora, Illinois for more than 90 years that has helped hundreds of men transform their lives through prayer, Bible study, mentoring and work programs. At this time, Wayside Cross Ministries cannot accept anyone who is on probation for a sex offense because there are already other registrants residing there.

34. Likewise, the not-for-profit housing providers New Beginnings Recovery Homes, Future Foundation, and Windspring Transitional are all willing to accept persons who are required to register, but their programs are off limits to probationers because of the One-Per-Address Statute.

35. There are also several private landlords including New Day Apartments and Amer Living LLC that maintain housing that complies with the 500-foot restrictions and are willing to rent to persons required to register as sex offenders. Probationers cannot live in the buildings operated by these landlords because of the One-Per-Address Statute.

36. But for the One-Per-Address Statute, these housing locations would be viable options for persons on probation who are required to register.

## CLASS ALLEGATIONS

37. Pursuant to Fed. R. Civ. P. 23(b)(2), Plaintiff seeks certification of this complaint as a class action for purposes of equitable relief on behalf of a class defined as follows.

- All individuals who have been convicted of sex offenses and sentenced to probation who cannot find housing that complies with the One-Per-Address Statute, 730 ILCS 5/5-6-3 (a)(8.6).

38.     The Class seeks a declaration that the One-Per-Address Statute violates the United States and Illinois Constitutions as applied to them and an injunction prohibiting continued enforcement of the Statute.

39.     The proposed class is numerous. It includes not only persons currently on probation for sex offenses, but also many as yet unknown future members of the proposed class—*i.e.*, persons who in the future will be convicted of sex offenses and sentenced to probation but cannot find housing that complies with the One-Per-Address Statute. *See Orr v. Shicker*, 953 F.3d 490, 497–98 (7th Cir. 2020) (holding that where, as here, membership in a proposed class is fluid, "[a] class can be certified without determination of its size, so long as it's reasonable to believe it large enough to make joinder impracticable and thus justify a class action suit.") (internal quotation marks omitted).

40.     There are questions of law and fact common to all class members, including but not limited to the following:

- What are the government rationales for the One-Per-Address Statute;

- Whether there is any compelling interest served by the Statute;

- What effect the One-Per-Address Statute has on the availability of affordable housing for probationers;

- Whether any government interest is served by subjecting probationers to harsher restrictions on their residences than parolees;

- Whether the One-Per-Address Statute leads to homelessness among persons on probation.

41.     All individuals falling within the class definition are subject to the same Statute. Given the commonality of the questions pertinent to all class members, a single injunction would provide relief to each member of the class.

42.     Defendant has acted and continues to act in a manner adverse to the rights of the proposed class, making final declaratory relief appropriate with respect to the class as a whole.

43.     The named Plaintiff will fairly and adequately represent the interests of the class; and the named Plaintiff's claims are typical of the claims of all members of the proposed class.

44.     Plaintiff's counsel has extensive experience and has devoted substantial professional and financial resources to representing individuals in cases involving the same type of claim raised here, including the *Barnes* class action. Plaintiff's counsel will fairly and adequately represent the interests of the class.

### COUNT I
### 42 U.S.C. §1983 – EIGHTH AMENDMENT

45.     Plaintiff, individually and on behalf of the class he seeks to represent, realleges and reincorporates, as though fully set forth herein, each and every allegation contained above.

46.     The One-Per-Address Statute and its application to the members of the class as described herein violates the Eighth Amendment to the United States Constitution.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a) Issue an order certifying this action to proceed as a class pursuant to Fed. R. Civ. P. 23(b)(2);

b) Appoint the undersigned as class counsel pursuant to Fed. R. Civ. P. 23(g);

c) Enter judgment declaring that 730 ILCS 5/5-6-3 (a)(8.6) as applied to Plaintiff and the members of the class violates the Eighth Amendment of the U.S. Constitution;

d) Enter a permanent injunction prohibiting continued enforcement of 730 ILCS 5/5-6-3 (a)(8.6);

e) Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and other applicable law; and

f) Grant such other relief as this Court deems just and proper.

## COUNT II
## 42 U.S.C. §1983 – FOURTEENTH AMENDMENT

47.     Plaintiff, individually and on behalf of the class he seeks to represent, realleges and reincorporates, as though fully set forth herein, each and every allegation contained above.

48.     The One-Per-Address Statute and its application to the members of the class as described herein violates the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a) Issue an order certifying this action to proceed as a class pursuant to Fed. R. Civ. P. 23(b)(2);

b) Appoint the undersigned as class counsel pursuant to Fed. R. Civ. P. 23(g);

c) Enter judgment declaring that 730 ILCS 5/5-6-3 (a)(8.6) as applied to Plaintiff and the members of the class violates the Fourteenth Amendment of the U.S. Constitution;

d) Enter a permanent injunction prohibiting continued enforcement of 730 ILCS 5/5-6-3 (a)(8.6);

e) Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988, and other applicable law; and

f) Grant such other relief as this Court deems just and proper.

## COUNT III
## PROPORTIONATE PENALTIES CLAUSE OF
## THE ILLINOIS CONSTITUTION
### Ill. Const., Art. I, §11

49. Plaintiff, individually and on behalf of the class he seeks to represent, realleges and reincorporates, as though fully set forth herein, each and every allegation contained above.

50. The One-Per-Address Statute and its application to the members of the class as described herein violates the Proportionate Penalties Clause of the Illinois Constitution.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a) Issue an order certifying this action to proceed as a class pursuant to Fed. R. Civ. P. 23(b)(2);

b) Appoint the undersigned as class counsel pursuant to Fed. R. Civ. P. 23(g);

c) Enter judgment declaring that 730 ILCS 5/5-6-3 (a)(8.6) as applied to Plaintiff and the members of the class violates the Proportionate Penalties Clause of the Illinois Constitution;

d) Enter a permanent injunction prohibiting continued enforcement of 730 ILCS 5/5-6-3 (a)(8.6);

e) Award Plaintiff reasonable attorneys' fees and costs pursuant to 740 ILCS 23/5(c), and other applicable law; and

f) Grant such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ Adele D. Nicholas
/s/ Mark G. Weinberg
*Counsel for Plaintiff*

Law Office of Adele D. Nicholas
5707 W. Goodman Street
Chicago, Illinois 60630
(847) 361-3869
adele@civilrightschicago.com

Law Office of Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, Illinois 60641
(773) 283-3913
mweinberg@sbcglobal.net